**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAI ZIONG VUE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LELAND DUDEK,<br>Acting Commissioner of Social Security[1],<br><br>　　　　Defendants. | Case No.: 1:23-cv-0815 JLT BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S REQUEST TO AFFIRM THE ADMINISTRATIVE DECISION, AND DIRECTING ENTRY IN FAVOR OF DEFENDANT<br><br>(Docs. 14, 16, and 18) |

　　　　Mai Ziong Vue seeks judicial review of a final decision denying her application for supplemental security income under Title XVI of the Social Security Act. (Docs. 1, 14.) Plaintiff asserts the administrative law judge erred in evaluating the medical opinions from a treating physician and Plaintiff's subjective complaints to determine her residual functional capacity. (*See generally* Doc. 14.) Plaintiff requests the matter be remanded for further administrative proceedings. (*Id.* at 12, 13.) The Commissioner asserts substantial evidence supports the ALJ's findings. (Doc. 16 at 5-11.) For the reasons set forth below, Plaintiff's appeal is denied and Commissioner's request to administrative decision is granted.

///

---

[1] Leland Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek is substituted as the defendant in this suit.

1

## I.  Decision of the ALJ

The ALJ evaluated Plaintiff's application using the five-step sequential evaluation set forth in 20 C.F.R. § 416.920. (Doc. 11-2 at 24-35.) First, the ALJ determined Plaintiff did not engage in substantial gainful activity after her application date of January 15, 2020. (*Id.* at 24.) Second, the ALJ found Plaintiff's severe impairments included: "adjustment disorder, anxiety, depression, intervertebral disc degeneration, and obesity." (*Id.*) At step three, the ALJ determined Plaintiff's impairments did not meet or medically equal a Listing. (*Id.* at 28-29.) Next, the ALJ found:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can occasionally stoop, kneel, crouch, and crawl. The claimant can occasionally climb ramps and stairs and never climb ladders, ropes, and scaffolds. The claimant can never work in hazardous environments, such as at unprotected heights or around moving mechanical parts. The claimant can perform unskilled work off a routine, repetitive nature, consistent with DOT reasoning levels 1 and 2 and can work in a low stress job, defined as making only occasional decisions and tolerating only occasional changes in the work setting.

(*Id.* at 30.) In so finding, the ALJ indicated that he considered "the entire record," including medical evidence, Plaintiff's subjective complaints, and third-party statements. (*Id.*; *see also id.* at 30-34.) Plaintiff did not have past relevant work for the ALJ to evaluate at step four. (*Id.* at 34.) However, ALJ found Plaintiff could perform "work that exists in significant numbers in the national economy" with the identified RFC. (*Id*. at 35.) Therefore, the ALJ concluded Plaintiff was not disabled. (*Id.*)

## II.  Issues Raised by Plaintiff

Plaintiff asserts the "RFC determination is unsupported by substantial evidence as he failed properly evaluate the medical opinions" from Dr. Gursahani in a manner required by "the prevailing rules and regulations." (Doc. 14 at 7 [emphasis omitted]; *see also id.* at 7-12.) In addition, Plaintiff contends, "The ALJ failed to include work-related limitations in the RFC consistent with the nature and intensity of Plaintiff's limitations, and failed to offer any reason for rejecting Plaintiff's subjective complaints." (*Id.* at 12 [emphasis omitted].) According to Plaintiff, "the ALJ vaguely asserted Plaintiff's statements 'are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision,'" and provided only "a summary of the objective medical evidence." (*Id.* at 13.) Thus, Plaintiff contends remand is appropriate. (*Id.* at 12, 13.)

2

### III. Findings and Recommendations of the Magistrate Judge

The magistrate judge found the ALJ properly considered the opinions from Dr. Gursahani regarding Plaintiff's physical and mental limitations. (Doc. 18 at 7-13.) As to the physical limitations identified by Dr. Gursahani in opinions from January 2021 and October 2021, the magistrate judge found the ALJ properly determined the opinions were not persuasive after considering the supportability and consistency of the opinions. (*Id.* at 8-10.) Similarly, the magistrate judge determined the ALJ properly considered the supportability and consistency factors in evaluating Dr. Gursahani's opinions addressing Plaintiff's mental limitations and abilities, from July 2021 and October 2021. (*Id.* at 10-13.)

The magistrate judge also rejected Plaintiffs arguments related to the ALJ's analysis of her subjective complaints, and properly considered several factors in discounting her statements. (Doc. 18 at 13-14.) First, the magistrate judge found the ALJ considered that "Plaintiff's statements regarding the limiting effects of her symptoms were not entirely consistent with the objective medical evidence." (*Id.* at 13.) Second, the magistrate judge determined that "the ALJ discounted Plaintiff's allegations based on her conservative treatment for both her physical and mental impairments." (*Id.* at 14.) Third, the magistrate judge found the ALJ properly considered the observations of an examining physicians, who noted Plaintiff's back and knee braces did not appear necessary and had no signs of wear. (*Id.* at 15.) Fourth, the magistrate judge determined the ALJ "considered that Plaintiff did not comply with all testing during her psychological consultative examination." (*Id.*) The magistrate judge found these were four "clear and convincing reasons for discounting Plaintiff's subjective complaints." (*Id.* at 13.) However, even if one of the reasons was invalid, the magistrate judge found such error would be "harmless because the ALJ provided other valid reasons for discounting Plaintiff's subjective testimony. (*Id.* at 16.)

### IV. Objections and Response

Plaintiff contends the findings of the magistrate judge related to Dr. Gursahani's medical opinions "should be rejected." (Doc. 19 at 1 [emphasis omitted].) According to Plaintiff, the magistrate judge engaged in "cherry picking" in reviewing the record, and "mainly summarize[d] the ALJ's decision and cites to only a few examples of benign findings to scrounge support for the ALJ's

bald statements." (*Id.* at 2.) Plaintiff asserts the magistrate judge drew "conclusions from the ALJ's decision that are not readily apparent from the rationale the ALJ provided." (*Id.*) Plaintiff also argues the magistrate judge "ignored Plaintiff's contentions that the ALJ's statements were unsupported as Dr. Gursahani had provided as much support as possible within the opinion, the notations of 'normal and abnormal findings' ignored the very nature of Plaintiff's impairments, and that the evidence actually supported Dr. Gursahani's opinion." (*Id.* at 2-3.)

Plaintiff also asserts the Court should reject the magistrate judge's finding that the ALJ properly evaluated her subjective complaints. (Doc. 19 at 3-4.) Plaintiff observes the magistrate judge "stated that the ALJ was proper in finding that Plaintiff's complains were inconsistent with the objective evidence." (*Id.* at 3.) Plaintiff contends "this rationale alone is not sufficient," because "the ALJ is not permitted to reject subjective complaints merely for their inconsistency with the objective evidence." (*Id.*) In addition, Plaintiff disputes the determination that she received conservative treatment for her mental impairments, because "mental impairments are not of the sort to lend themselves to surgical intervention…." (*Id.*) As a result, Plaintiff contends the "notation of the ALJ's statement that the treatment was conservative flies in the face of prevailing legal standards and should be rejected." (*Id.* at 4.)

The Commissioner filed a response to the objections, asserting "Plaintiff fails to establish any error in the F&R, which carefully considered the arguments, evidence and law." (Doc. 21 at 2.) The Commissioner argues the magistrate judge did not engage in "cherry picking, but rather "considered whether the ALJ's evaluation of Dr. Gurashani's [sic] opinions comported with the regulations and was supported by substantial evidence." (*Id.*) Further, the Commissioner argues that "the ALJ provided several legally sufficient reasons for discounting Plaintiff's claims of disabling symptoms," and "Plaintiff does not challenge most of those reasons." (*Id.* at 3.) The Commissioner argues that even if the Court finds the treatment for Plaintiff's mental health was not conservative, the Court "should still adopt the magistrate judge's F&R because the ALJ provided other valid reasons for discounting Plaintiff's subjective statements… which Plaintiff does not challenge." (*Id.* at 4.) Thus, the Commissioner asserts the Court should affirm the final decision that Plaintiff was not disabled. (*Id.*)

## V. Discussion

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations..." 28 U.S.C. § 636(b)(1). If a party files objections, "the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.* A de novo review requires the Court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

### A. Evaluation of medical opinions

The regulations direct ALJs to determine how persuasive a medical opinion is according to the following factors: supportability, consistency, relationship with the claimant, specialization, and other factors showing the medical source's "familiarity with … other evidence in the record or an understanding of [the] disability program's policies and evidentiary requirements." 20 C.F.R. § 416.920c(c)(1)-(5). An ALJ is only required to discuss supportability and consistency, which are the most important factors "when evaluating the persuasiveness of medical opinions." *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(a)); *see also* 20 C.F.R. § 416.920c(b)(2) ("we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision. We may, but are not required to, explain how we considered the [remaining] factors in paragraphs (c)(3) through (c)(5) of this section…").

The supportability inquiry is an assessment of "the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence." *Woods*, 32 F.4th at 791-792 (internal quotation marks omitted). The regulations provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(1). On the other hand, consistency compares an opinion with other evidence in the record to determine its persuasiveness. *See Woods*, 32 F.4th at 792. With the consistency factor, the regulations explain: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior

administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(2). The Ninth Circuit observed that an ALJ must explain how both the supportability and consistency factors were considered, and "[e]ven under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

Dr. Pushpa Gursahani provided several medical opinions regarding Plaintiff's limitations and abilities, including two opinions dated July 2021 and October 2021 regarding her mental impairments and two opinions also dated July 2021 and October 2021 regarding her physical impairments. The ALJ considered each of the four opinions, and found they were not persuasive. (Doc. 11-2 at 31-33.) In so doing, the ALJ considered the supportability and consistency of each opinion separately. (*Id.*) Similarly, the magistrate judge evaluated the ALJ's analysis of each opinion from Dr. Gursahani separately, and found the ALJ adequately addressed the supportability and consistency factors for each opinion as required by the Regulations. (Doc. 18 at 7-13.) The magistrate judge clearly addressed the supportability of each of the opinions regarding Plaintiff's physical and mental impairments, contrary to Plaintiff's assertion that the magistrate judge ignored her arguments challenging the supportability factor. Plaintiff does not clearly identify which medical opinion analysis she believes to be deficient, and the Court declines to speculate as to such given the number of opinions from Dr. Gursahani addressed by the ALJ and magistrate judge. *See* Fed. R. Civ. P. 72(b)(2) (requiring any objections to magistrate judge's findings and recommendations to be "specific"); *see also Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (stating the court should "review only issues with are argued specifically and distinctly").

Likewise, the Court declines to speculate as to which conclusions Plaintiff believed the magistrate judge made that "are not readily apparent from the rationale the ALJ provided." (*See* Doc. 19 at 2.) As the Ninth Circuit explained, the Court "will not do [a party's] work for it, either by manufacturing its legal arguments, or by combing the record on its behalf for factual support." *W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 979 (9th Cir. 2012); *see also* Fed. R. Civ. P. 72(b)(2); *Indep. Towers*, 350 F.3d at 929. Nevertheless, the Court reviewed the record and the findings of the magistrate judge regarding the supportability and consistency analysis of the ALJ—as to each of the

four opinions from Dr. Gursahani— are supported by the record and proper analysis.

### B.     Plaintiff's subjective complaints

In evaluating a claimant's statements regarding the severity of her symptoms, an ALJ must determine first whether objective medical evidence shows an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if there is no evidence of malingering, the ALJ must set forth clear and convincing reasons for rejecting subjective complaints. *Id.* at 1036.  As the Ninth Circuit observed, "The clear and convincing standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014).  Thus, the ALJ must identify "specific reasons for the weight given to the individual's symptoms," in a manner "sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).

In the opening brief, Plaintiff argued that "assessing Plaintiff's subjective complaints, the ALJ asserted only that Plaintiff's statements 'are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.'" (Doc. 14 at 13, quoting AR 22 [Doc. 11-2 at 28].) Plaintiff asserted that "the ALJ then simply goes on to provide a summary of the objective medical evidence, without ever providing any more illustrative rationales for her assessment of Plaintiff's subjective complaints." (*Id.* at 13, citing AR 22-23 [Doc. 11-2 at 28-29].) Thus, Plaintiff argued the ALJ failed to identify "any clear or convincing reason for discounting Plaintiff's symptoms and alleged limitations." (*Id.*)

Contrary to Plaintiffs assertions, the ALJ did more than offer boilerplate language and a summary of the medical evidence.  Rather, the ALJ linked the medical record to Plaintiff's subjective complaints.  For example, the ALJ noted that while Plaintiff "complained of back pain radiating to her legs and weakness," the objective medical records included examinations showing Plaintiff "was able to heel and toe walk; a negative straight leg raise; a normal gait; no knee tenderness; intact strength in her upper and lower extremities bilaterally; intact sensation; intact reflexes; normal range of motion in her spine; and full range of motion in her extremities." (Doc. 11-2 at 28-29, citing Ex. B22F/7/8,

B24F [Doc. 11-2 at 823-824, 840-851].)  Similarly, the ALJ linked Plaintiff's complaints "of feeling sad; difficulty sleeping; getting mad easily; low energy; and difficulty focusing" to the medical record, including "examinations also showed the claimant was alert and oriented to person, place, and time; cooperative; and well- groomed; and exhibited normal mental status; an appropriate affect; goal directed thought process; good eye contact; and a normal mood and affect.  (Doc. 11-2 at 29, citing Ex. B8F/7/17, B10F, B13F, B20F/5, B22F [Doc. 11-2 at 653, 663, 698-702, 724-729, 765].)  The ALJ clearly carried the burden to identify "what evidence suggests the complaints are not credible." *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).  Because the ALJ did not base his decision solely upon the finding that the objective medical record did not support the degree of symptoms alleged by Plaintiff, the medical evidence was properly considered by the ALJ.  *See Morgan v. Comm'r of Social Sec. Admin*, 169 F.3d 595, 600 (9th Cir. 1999) (conflicts between a claimant's subjective complaints and the objective medical evidence can constitute "specific and substantial reasons that undermine … credibility").

Moreover, the ALJ considered the observations of the consultative examiner regarding the braces Plaintiff wore to the examination and Plaintiff's failure to comply with testing during the psychological consultative examination.  (Doc. 18 at 15, citing AR 23, 693-95, 835-39 [Doc. 11-2 at 29, 699-701, 841-845].)  As the magistrate judge found—and Plaintiff did not dispute in her objections—these are clear and convincing reasons for rejecting Plaintiff's subjective statements. *See, e.g., English v. Saul,* 840 Fed. App'x 241, 242 (9th Cir. 2021) (finding the ALJ provided clear and convincing reasons to discount the claimant's testimony, "including the fact that [the claimant] exhibited poor effort during neurological testing"); *Elia M.O. v. O'Malley*, 2024 U.S. Dist. LEXIS 187294, at *32 (C.D. Cal. Oct. 15, 2024) ("An ALJ may discount a claimant's subjective complaints based on the claimant's failure to give maximum or consistent effort during evaluations"); *Argueta v. Colvin*, 2016 WL 4138577, *13 (E.D. Cal. Aug. 2, 2016) ("The ALJ properly discounted Plaintiff's credibility due to inconsistencies between Plaintiff's subjective complaints and the consultative examiner's clinical observations"); *Luna v. Colvin*, 2013 WL 3819436, at *13 (C.D. Cal. July 23, 2013) (finding observations of the consultative examiner that the plaintiff presented at the examination with a cane but had a normal gait without using a cane, "undermined" the plaintiff's assertions and

"constituted evidence of malingering [and] 'clear and convincing' reasons to reject [the] Plaintiff's testimony").

Finally, the treatment Plaintiff received was a relevant factor for the ALJ to consider, because "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). Plaintiff does not dispute the ALJ's finding that she received conservative treatment for her physical impairments. However, she maintains it was an error to find she received conservative care for her mental impairments. (Doc. 19 at 3-4.) It appears the ALJ erred in identifying Plaintiff's care for mental impairments as conservative, because Plaintiff received prescription medication (Doc. 11-2 at 726-727), and the Ninth Circuit suggested "conservative treatment" for mental limitations is limited to over-the-counter medication. *See Parra*, 481 F.3d at 751. Regardless, as the magistrate judge determined, any such error was harmless because the ALJ identified several clear and convincing reasons to discount Plaintiff's subjective complaints—including reasons Plaintiff did not dispute—which are supported by the record. *See Carmickle v. Comm'r of Soc. Sec.,* 533 F.3d 1155, 1162-63 (9th Cir. 2008); *Callahan v. Kijakazi*, 657 F.Supp.3d 1268, 1386 (E.D. Cal. 2023) (finding an error using an invalid reason to discrediting the plaintiff's subjective testimony was harmless "because the ALJ cited another clear and convincing reason for their credibility determination"); *Thomspon v. King,* 2025 WL 560696, at *3 (9th Cir. Feb. 20, 2025) ("an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record" [citation omitted]).

In light of the number of factors considered to assess Plaintiff's subjective complaints, the ALJ carried his burden to set forth findings "sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).

## VI. Conclusion and Order

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court conducted a *de novo* review of the case. Having carefully reviewed the entire matter, including Plaintiff's objections, the Court finds the Findings and Recommendations are supported by the record and proper analysis. The administrative

9

decision must be affirmed because substantial evidence supports the findings of the ALJ. *See Sanchez v. Sec'y of Health & Human Serv.,* 812 F.2d 509, 510 (9th Cir. 1987). Thus, the Court **ORDERS**:

1. The Findings and Recommendations (Doc. 18) are **ADOPTED**.
2. Plaintiff's motion for summary judgment and appeal from the decision denying benefits (Doc. 14) is **DENIED**.
3. Defendant's request to affirm the administrative decision (Doc. 16) is **GRANTED**.
4. The Clerk of Court is directed to terminate any pending motions; enter judgment in favor of defendant Leland Dudek, Acting Commissioner of Social Security, and against Plaintiff Mai Ziong Vue; and to close this case.

IT IS SO ORDERED.

Dated: **March 7, 2025**

UNITED STATES DISTRICT JUDGE